```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

ENZO RIVERS,                    )
           Plaintiff,       )
                             )
       v.                       ) C.A. No. 12-10529-JGD
                             )
SEAN CARTER, aka Jay Z., et al.)
                             )
           Defendants.      )

## **MEMORANDUM AND ORDER**

For the reasons stated below, plaintiff's application to proceed in forma pauperis will be granted. Further, this complaint is subject to dismissal in part, and will be served in part.

### BACKGROUND

Pro se plaintiff Enzo Rivers is a state prisoner currently incarcerated at MCI Norfolk. On March 22, 2012, he filed a civil complaint, an application to proceed in forma pauperis, and a motion for counsel.

Generously construing his filings, plaintiff's primary complaint appears to be that the defendant Jeani Lahousse, the Director of Treatment at Old Colony Correctional Center, violated plaintiff's civil rights by subjecting him to the use of a racially derogatory term on several occasions in 2009, and by retaliating against him in various ways after he complained about the same, all in violation of 42 U.S.C. § 1983. Plaintiff alleges that he has exhausted his administrative remedies with respect to any potential claims arising from these events.

Plaintiff also names the musician Sean Carter, a.k.a. "Jay Z Rapper", as a defendant in this action. Plaintiff's only allegation against the defendant Carter is that Carter used the same racially derogatory term "while on speaking tours," and thereby gave defendant Lahousse the impression she was also free to use the term. Complaint ¶¶ 5, 16.

Plaintiff seeks monetary and injunctive relief, including but not limited to "College Scholarships, Funds with Guaranteed Gratuity for Plaintiff and Plaintiff's children and grandchildren, Clothing, Books, Computers, Cars for transportation to schools, Bank Accounts for Plaintiff's children and grandchildren, Set up Trust Funds, as well as, Charity Funds, and also pay for Attorneys to handle the Plaintiff's Civil and criminal cases... [and] a Trust Fund exclusively for Plaintiff Enzo Rivers," as well as $200,000,000 from each defendant. Complaint ¶ 20.

## DISCUSSION

1. <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

Plaintiff submitted a "Declaration in Support of Request for Leave To Proceed In Forma Pauperis" (Document No. 2), which the court will construe as a motion to proceed <u>in forma pauperis</u>. He also submitted a copy of his prison account statement. Based on the information contained therein, the motion for leave to proceed <u>in forma pauperis</u> will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of

$4.35. The remainder of the fee, $345.65, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

2. <u>Preliminary Screening Pursuant To 28 U.S.C. § 1915(a)</u>

When a plaintiff seeks leave to proceed <u>in forma pauperis</u> in a federal district court, as does the plaintiff in this case, his complaint is subject to screening and dismissal pursuant to 28 U.S.C. § 1915(e)(2) (screening of complaints filed <u>in forma pauperis</u>). The court has the authority to dismiss the complaint pursuant to § 1915(e)(2) if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.§ 1915(e)(2); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992)("clearly baseless" actions may be dismissed). <u>See also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (dismissal of <u>in forma pauperis</u> complaint is appropriate if the action lacks an arguable basis either in law or in fact).

3. Plaintiff Cannot Bring An Action On Behalf
   <u>Of Other Litigants</u>

In the caption to his complaint, plaintiff asserts that he bring this action "on behalf of other prisoners incarcerated in M.C.I Norfolk and Old Colony Correctional Center." As a general rule, however, a plaintiff who is not an attorney may only represent himself, and not any other party. <u>See</u> <u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1039 (D. Mass. 1994) ("an individual who is not an attorney admitted to practice in this court cannot

3

be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3© ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf."); see also Barrows v. Jackson, 346 U.S. 249, 254 (1953) (as a general rule, a party does not have standing to vindicate the constitutional rights of another party). Accordingly, plaintiff cannot bring this action on behalf of other prisoners.

4. Claims Against Defendant Sean Carter Are Subject to Dismissal

In order to state a claim under § 1983, plaintiff must allege (1) that the defendant was acting under color of state law and (2) deprived plaintiff of a right secured by the Constitution and the laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988); Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992). In the present case, the complaint is entirely devoid of specific factual allegations from which this court could reasonably infer that the defendant Sean Carter was at any time acting under color of state law. Accordingly, plaintiff's claims against defendant Sean Carter may be subject to dismissal. Plaintiff is directed to show good cause, within 35 days from the date of this order, as to why such claims should not be dismissed.

Having also been screened pursuant to 28 U.S.C. § 1915 (proceedings in forma pauperis), plaintiff's claim against

defendant Jeani Lahousse, the Director of Treatment at Old Colony Correctional Center, will be allowed to proceed for service. Nothing here, however, shall preclude the defendant from filing a motion to dismiss if appropriate after being served.

5.   <u>Motion for Counsel Will Be Denied Without Prejudice</u>

Plaintiff also submitted a motion for counsel (Docket No. 4), which will be denied without prejudice to refiling after the remaining defendant has responded to the complaint.

**ORDER**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED as follows:

   1. Plaintiff's motion for leave to proceed <u>in forma pauperis</u> is granted as set forth above.

   2.  Plaintiff Enzo Rivers is the sole plaintiff in this action;

   3.  As to defendant Sean Carter, this action may be subject to dismissal in 35 (thirty-five) days from the date of this Order unless plaintiff shows good cause, in writing, before that time as to why it should not be dismissed.

   4.  As to defendant Jeani Lahousse, the Clerk shall issue summonses and the United States Marshal shall serve a copy of the summonses, complaint, and this order upon the defendant as directed by plaintiff with all costs of service to be advanced by the United States.

   5. Plaintiff's motion for counsel is denied without prejudice to renewal after a responsive pleading has been filed.

   SO ORDERED.

Dated at Boston, Massachusetts, this 2nd day of April, 2012.

                                         /s/ Judith G. Dein
                                        UNITED STATES MAGISTRATE JUDGE