```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ENZO RIVERS,                        )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   C.A. No. 12-10529-PBS
                                    )
SEAN CARTER, et al.,                )
                                    )
        Defendants.                 )
                                    )
```

**MEMORANDUM AND ORDER**

September 28, 2012

Saris, U.S.D.J.

Pro se plaintiff Enzo Rivers, who is incarcerated at MCI Norfolk, brings this civil rights action under 42 U.S.C. § 1983 in which he alleges that Jean LaHousse, the Director of Treatment at MCI Norfolk, used the racially derogatory word "nigger" and retaliated against Rivers when he objected to LaHousse's offensive language.[1]  Rivers also names Sean Carter, a rapper artist, as a defendant.  The plaintiff alleges that Carter's use of the word "nigger" during his speaking tours contributed to LaHousse's employment of the same language.

---

[1] Although not directly pertinent to this order, the Court recognizes that LaHousse claims that she did say the word "nigger" within the context of explaining to the inmate organization African Heritage Coalition Group why she would not permit its members to view a movie. See Def.'s Mem. (#28), Ex. 1. (Affidavit of Jean LaHousse).  According to LaHousse, the word "nigger" is used in the movie with regularity, and she explained to the inmates that the work "nigger" and another objectionable term were "offensive to many and that therefore the film was not appropriate."  See id., ¶ 5.

In a previous order dated April 2, 2012 (#7), Magistrate Judge Dein allowed summons to issue as to LaHousse and she directed Rivers to show cause why Carter should not be dismissed as a defendant.  Now pending before the Court are various motions, including a motion to amend the complaint to add additional plaintiffs and LaHousse's motion to dismiss, or, in the alternative, for summary judgment.  Although Rivers has not yet responded to the defendant's dispositive motion, the Court finds that it is in the interest of justice and judicial economy to address all pending motions and to direct the plaintiff to respond in regards to certain issues.

## I.   Rivers's Motion to Amend (#9) and Certain Claims

Although Rivers had a right to amend the complaint once as a matter of right when he filed the motion to amend, see Fed. R. Civ. P. 15(a), any amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A.  Both of these statutes permit dismissal of an action for failure to state a claim upon which relief may be granted.

Here, the proposed amendments to the complaint--adding additional prisoners as plaintiffs--fail to state a claim upon which relief may be granted.  The proposed plaintiffs are prisoners who allegedly heard LaHousse use racially offensive language.  However, LaHousse's alleged use of racially derogatory language does not rise to the level of a Constitutional

violation. See, e.g., DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." (citation omitted)); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling [by a prison guard] usually are not actionable under § 1983."); Shabazz v. Cole, 69 F. Supp. 2d 177, 199-200 (D. Mass. 1999) (racial slurs by prison guard not actionable). Therefore, Rivers and the other proposed plaintiffs have failed to state a claim for relief in regards to LaHousse's use of a racially offensive word. Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court will dismiss this claim against LaHousse.[2]

Rivers and the proposed plaintiffs have also failed to state a claim for relief against Carter. Although Rivers argues that Sean Carter "took the power out of the word NIGGER" and thereby emboldened LaHousse to use the term, Compl. ¶ 9, such allegations fail to state a claim for relief for the reasons stated above. Further, as Magistrate Judge Dein already explained, Rivers has

---

[2]Where, as here, it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," the Court's sua sponte dismissal of a claim is appropriate. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

not alleged facts from which the Court may reasonably infer that Carter was acting under color of law.  Rivers's responses to Magistrate Judge Dein's show cause order do not cure this defect. Pursuant to 28 U.S.C. § 1915(e)(2), the Court will dismiss Carter as a defendant.

Accordingly, the motion to amend is DENIED.

**II.   LaHousse's Motion for Exemption from Local Rule 7.1 (#20)**

Through counsel, LaHousse asks this Court to exempt her from the requirements of Local Rule 7.1(a)(2), which provides, "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." L.R. 7.1(A)(2).  In light of the fact that Rivers is proceeding pro se and that he is incarcerated, the Court agrees with LaHousse that application of the Local Rule 7.1(a)(2) in this action is unnecessary.  The Court therefore GRANTS the motion.  Neither LaHousse nor Rivers is required to comply with Local Rule 7.1(a)(2) for the pendency of this action unless ordered otherwise by the Court.

**III.  Rivers's Motion for "Summary Judgment" (#26)**

In his motion for "summary judgment," Rivers appears to be opposing the defendant's request to be exempt from Local Rule 7.1(a)(2).  The motion is DENIED.

**IV.   Rivers's Motion for Reconsideration (#29)**

Rivers asks that the Court reconsider its earlier denial of motion for appointment of counsel.  Because the Court finds that

exceptional circumstances do not exist that would justify the appointment of counsel, the motion is DENIED.

**V.   Motion to Appoint Counsel (#31)**

In this motion one of the proposed plaintiffs--prisoner Dathon Wright, who was present when LaHousse used the racially offensive language--seeks appointment of counsel.  Because this proposed plaintiff has not stated a claim for relief and therefore cannot join this action, the motion is DENIED.

**VI.  Motion to Dismiss And/Or Summary Judgment (#27)**

In the defendant's motion to dismiss and/or summary judgment, the defendant argues that dismissal or judgment for the defendant is proper because (1) LaHousse's use of a racially derogatory term is not a violation of the plaintiff's constitutional rights; (2) the plaintiff failed to exhaust his administrative remedies in regards to the alleged retaliation; and (3) the allegations that LaHousse was responsible for the alleged retaliation are conclusory; (4) LaHousse was in fact not involved in any of the allegedly retaliatory actions; and (5) none of the allegedly retaliatory actions rose to the level of a constitutional violation.

   **A.   Racially Offensive Language**

As noted in Section I, infra, the Court is dismissing, sua sponte, the claim that LaHousse's use of a racially offensive word violated Rivers's constitutional rights.

**B.   Exhaustion of Administrative Remedies**

Lahousse argues that Rivers has failed to exhaust his administrative remedies in regards to the alleged retaliation. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any fail prison, or other correctional facility until such administrative remedies as are available are exhausted.")  In considering whether Rivers has exhausted his administrative remedies concerning his allegations that Lahousse retaliated against him for protesting her use of a racially derogatory term, the Court will consider, inter alia, the affidavit of Kara Morello-Quinn submitted by the defendant.  See Def.'s Mem. (#28), Ex. 3.  Thus, in this regard, the Court will treat the defendant's motion as one for summary judgment.  In accordance with Fed. R. Civ. P. 12(d), the Court will give the plaintiff an opportunity to present material that is pertinent to the issue of exhaustion of administrative remedies in regards to his retaliation claim.

**C.   Allegations of Retaliation**

The Court directs Rivers to address the defendant's contention that he has failed to adequately articulate LaHousse's involvement in the alleged retaliatory actions and that he has otherwise failed to state a claim for relief in regards to the alleged retaliation.

6

Order

1.  Rivers's motion to amend (#9) is **DENIED**.

2.  Pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, Rivers's claim against LaHousse for her use of a racially offensive term is **DISMISSED**.

3.  Pursuant to 28 U.S.C. § 1915(e)(2), Carter is **DISMISSED** as a defendant in this action because Rivers has failed to state a claim for relief against him.

4.  LaHousse's motion for exemption from Local Rule 7.1(a)(2) (#20) is **GRANTED**.

5.  Rivers's motion for summary judgment (#26) is **DENIED**.

6.  Rivers's motion for reconsideration (#29) is **DENIED**.

7.  The motion of Dathon Wright for appointment of counsel (# 31) is **DENIED**.

8.  LaHousse's motion to dismiss and/or summary judgment (#27) shall remain pending on the docket.

    a.  The Court gives Rivers notice that, with respect to the question of whether Rivers exhausted his administrative remedies in regards to the alleged retaliation, the Court will treat the defendant's motion as one for summary judgment.  Rivers shall have 35 days from the date of this order to present all material and legal argument that is pertinent to this issue.

    b.  Rivers also has 35 days from the date of this order to respond to the defendant's legal argument that he has

failed to plead a claim for relief in regards to the alleged retaliation.

SO ORDERED.

                                              /s/ Patti B. Saris
                                              PATTI B. SARIS
                                              UNITED STATES DISTRICT JUDGE